1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11   BILLY COCHRAN,                          Case No.  1:15-cv-01388-BAM-PC

12            Plaintiff,                     ORDER REQUIRING PLAINTIFF TO
                                             EITHER FILE AMENDED COMPLAINT
13        v.                                 OR NOTIFY COURT OF WILLINGNESS
                                             TO PROCEED ONLY ON COGNIZABLE
14   S. SHERMAN, et al.,                     CLAIMS

15            Defendants.                    THIRTY-DAY DEADLINE

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

18   § 1983 and 42 U.S.C. § 2000cc.  Plaintiff has consented to magistrate judge jurisdiction pursuant

19   to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint filed September 11,

20   2015.

21                                          **I.**

22                              **SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

25   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26   legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

27   that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28   _____

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 25, 2015. (ECF No. 4.)

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted).   To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran, brings this action against defendant correctional officials employed by the CDCR at CSP Corcoran, where the events at issue occurred.   Plaintiff names the following individuals defendants: Warden S. Sherman; Correctional Counselor J. Barba; Appeals Coordinator J. Corral; Appeals Coordinator M. Hildreth.   Plaintiff claims that his First Amendment right to the free expression of his religious beliefs was violated.

Upon his incarceration in 2002, Plaintiff experienced a religious conversion.   Plaintiff began practicing eclectic religious beliefs based upon different faith traditions.   Plaintiff alleges

1     that such practices instilled in him the belief that he must change his name from Billy Coy

2     Cochran to Gabriel Christian Hunter.  Plaintiff's belief is based on his conviction that his old

3     name was associated with self-centered beliefs and associations.  Specifically, Plaintiff alleges

4     that his current name is associated with religious immorality.

5        On January 1, 2015, Plaintiff filed a request for "a publicly recorded religious name

6     change." (Compl. p. 6.)    Plaintiff alleges that he submitted the request to Warden Sherman.

7     Plaintiff alleges that on January 29, 2015, Warden Sherman, via Correctional Counselor Barba,

8     arbitrarily denied Plaintiff's request.  On March 17, 2015, Plaintiff filed a grievance challenging

9     the denial of the name change.  On April 9, 2015, Defendants Corral and Hildreth rejected

10    Plaintiff's appeal at the second level.

11       Although Plaintiff does not indicate why his appeal was rejected, he alleges that on April

12    14, 2015, he complied with the rejection by filing another grievance.  On April 24, 2015,

13    Defendants Corral and Hildreth again rejected Plaintiff's grievance.  On April 27, 2015, Plaintiff

14    filed another grievance, which was again rejected by Defendants Corral and Hildreth on May 12,

15    2015.  Plaintiff alleges that on May 15, 2015, Defendants Corral and Hildreth "affirmed the

16    arbitrary cancellation and threatened me with appeal restriction."  (Id. p. 7.)

17                                             **III.**

18                                     **DISCUSSION**

19       **A.**   **First Amendment**

20        "[P]risoners retain the protections of the First Amendment" but their "right to freely

21    exercise [their] religion is limited by institutional objectives and by the loss of freedom

22    concomitant with incarceration."  Hartmann v. California Dep't of Corr. & Reahab., 707 F.3d

23    1114, 1122 (9th Cir. 2013)(citing O'Lone v. Shabazz, 482 U.S. 342, 348 (1977)).   The

24    protections of the Free Exercise Clause are triggered when prison officials substantially burden

25    the practice of an inmate's religion preventing him from engaging in conduct which he sincerely

26    believes is consistent with this faith, but an impingement on an inmate's constitutional right will

27    be upheld "if it is reasonably related to legitimate penological interests."  Shakur v. Schriro, 514

28    F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987).

1       Thus, prison regulations may lawfully curtail inmates' constitutional rights, provided that

2  the regulations are "reasonably related to legitimate penological interests." Turner, 482 U.S. at

3  89.  Turner set forth four factors for courts to balance in determining whether a regulation

4  reasonably relates to legitimate penological interests: 1) Whether there is a valid, rational

5  connection between the prison regulation and the legitimate governmental interest put forward to

6  justify it; 2) whether there are alternative means of exercising the right that remain open to prison

7  inmates; 3) whether accommodation of the right would impact guards and other inmates and the

8  allocation of prison resources in general; and 4) whether or not there are easy, obvious

9  alternatives to the denial of the right. Turner, 482 U.S. at 89-90; Shakur, 514 F.3d at 884; Malik

10  v. Brown, 16 F.3d 330, 334 (9th Cir. 1994).

11       Here, Plaintiff has alleged facts indicating that his belief is sincerely held.  The complaint

12  is not clear, however, as to the ground for denying Plaintiff's request.  Plaintiff vaguely alleges

13  that his request was arbitrarily rejected.  Plaintiff does not indicate when, or even if, he received

14  a written denial.  Plaintiff does not include any written denial as an exhibit, and he does not

15  describe what reasons, if any, were given for the denial.  If Defendant Sherman denied Plaintiff's

16  name change in writing, Plaintiff should summarize Sherman's reasoning and attach the denial to

17  his amended complaint.  If Plaintiff never received a response from Sherman, he should state so

18  clearly in his amended complaint.  Because Plaintiff has not alleged the reasons for the denial,

19  Plaintiff has not alleged sufficient facts whether Defendant Sherman's reasoning for the denial

20  was rationally related to a legitimate penological purpose.  An allegation that Plaintiff's name

21  change request was denied, with nothing more, fails to state a claim for relief.

22       As to Defendant Correctional Counselor Barba, the only conduct charged is that Warden

23  Sherman denied Plaintiff's request via Defendant Barba.  Plaintiff does not allege that Defendant

24  Barba had the authority to grant Plaintiff's request.  Pursuant to Cal. Code Regs., tit. 15, §

25  3294.5, an inmate must submit his request for name change directly to the warden, who must

26  respond to the inmate in writing with the reasons for the denial.  Defendant Barba cannot be held

27  liable for merely communicating the denial to Plaintiff.

28  ///

1    **B.    RLUIPA**

2    Plaintiff also claims a violation of the Religious Land Use and Institutionalized Persons

3    Act (RLUIPA), 42 U.S.C. § 2000cc.  As opposed to traditional First Amendment jurisprudence,

4    where prisoners' free exercise claims are analyzed under the deferential rational basis standard of

5    Turner, "RLUIPA requires the government to meet the much stricter burden of showing that the

6    burden it imposes on religious exercise is in furtherance of a compelling governmental interest."

7    Greene v. Solano County Jail, 513 F.3d 982, 986 (9th Cir. 2008) (citation and internal quotation

8    marks omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1156-57 (9th Cir. 2008).

9    The Ninth Circuit has held that "RLUIPA claims need satisfy only the ordinary

10   requirements of notice pleading."   Alvarez, 518 F.3d at 1159 (explaining that "[u]nder this

11   standard, it is sufficient that the complaint, alone or supplemented by any subsequent filings

12   before summary judgment, provides the defendant fair notice that the plaintiff is claiming relief

13   under RLUIPA as well as the First Amendment.").   Under the less restrictive RLUIPA standard,

14   Plaintiff has stated a claim for relief against Defendant Sherman.

15   Plaintiff seeks damages as well as injunctive relief in the form of an order directing

16   Defendant Sherman to grant Plaintiff's request for a name change.  Plaintiff is advised that

17   monetary damages are not available under RLUIPA against prison officials in their individual

18   capacity, Wood v. Yordy, 753 F.3d 899 (9th Cir. 2014); nor are they available for actions in

19   one's official capacity because of sovereign immunity, Sossamon v. Texas, 563 U.S. 277 (2011);

20   Alvarez, 667 F.3d at 1063.

21   **C.    Grievance Process**

22   The only conduct charged to Defendants Corral and Hildreth is their participation in the

23   grievance process.   Plaintiff alleges that they continued to arbitrarily reject his inmate

24   grievances.  Involvement in reviewing an inmate's administrative appeal does not necessarily

25   demonstrate awareness of an alleged violation, or contribute to the underlying violation.  George

26   v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir.

27   2014).   In order to hold these Defendants liable, Plaintiff must allege facts as to each Defendant

28   indicating that they knew were personally involved in the conduct at issue.  Further, prisoners

have no "free-standing cause of action for improper grievance-rejection." See Ott v. Lopez, No. CV 11-04291 PSG RZ, 2012 WL 2366414, at *1 (C.D. Cal. May 8, 2012) report and recommendation adopted, No. CV 11-04291 PSG RZ, 2012 WL 23666413 (C.D. Cal. June 20, 2012).  Defendants Corral and Hildreth should therefore be dismissed.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Sherman for a violation of RLUIPA, for injunctive relief only.  Plaintiff fails to state a claim for relief on his First Amendment claim, or against Defendants Barba, Corral and Hildreth.   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Sherman on his RLUIPA claim, Plaintiff may so notify the Court in writing.  The other defendants and claims will then be dismissed for failure to state a claim. Plaintiff will then be provided one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Sherman.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-679; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . Twombly, 550 U.S. at 555 (citations omitted).   The mere possibility of misconduct is insufficient to state a claim.   Iqbal, 556 U.S. at 678.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 1467, 1474 (7th Cir. 2007)(no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading,"

Local Rule 220.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

a.    File a first amended complaint curing the deficiencies identified by the Court in this order, or

b.    Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Sherman on his RLUIPA claim, for injunctive relief only; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:    **May 17, 2016**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE