**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>           Plaintiff,<br><br>      v.<br><br>S, SHERMAN, et al.,<br><br>           Defendants. | Case No.: 1:15-cv-01388-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS SEEKING THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF Nos. 18, 39) |

Plaintiff Billy Cochran is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's first amended complaint against Defendants S. Sherman and J. Barba, officials employed at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF") for the violation of his First Amendment rights based upon the denial of his name change for religious purposes. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 31, 2016, Plaintiff filed a motion requesting accommodations by persons with disabilities. (ECF No. 18.) The specific accommodation requested is the appointment of counsel, on the basis of post-traumatic stress, depression, substance abuse dependence, anti-social personality disorder, and gender dysphoria.

On June 5, 2017, Plaintiff renewed his motion requesting the appointment of counsel, on the basis that he is not trained in the law, cannot afford counsel, suffers from the above-listed disabilities, is hindered as an inmate, and due to the novelty and complexity of his claim. (ECF No. 39.)

1

      Plaintiff does not have a constitutional right to appointed counsel in this action. <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds</u>, 154 F.3d 952 n.1 (9th Cir. 1998). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

      In the present case, the Court does not find the required exceptional circumstances, and Plaintiff has not identified any circumstances warranting appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners proceeding without representation. Further, although the Court has found that Plaintiff stated a cognizable claim, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Additionally, based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate his claims in his current mental health condition.

      For these reasons, Plaintiff's requests for the appointment of counsel are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

   Dated:   **July 24, 2017**                /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE