UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>S, SHERMAN, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01388-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR COPY OF CASE FILE, (ECF No. 16), DEFENDANTS' MOTION TO DISMISS, (ECF No. 19), AND RELATED MOTIONS (ECF Nos. 20, 21, 27), AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (ECF No. 22)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Billy Cochran is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's first amended complaint against Defendants S. Sherman and J. Barba for the violation of his First Amendment rights based upon the denial of his name change for religious purposes. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently pending before the Court are several motions upon which the Court shall make findings and recommendations.

**I.    Pending Motions**

    **A.    Motion for Copy of Case File**

On October 12, 2016, Plaintiff filed a motion seeking an order to prison officials to provide him his legal property more quickly than it was being processed due to a transfer. (ECF No. 16.)

1

Plaintiff argued he required the property to work on prosecuting his case. Due to the relief requested, the Court construes this motion as a motion for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Here, the pending case concerning a denial of a religious name change does not give the Court jurisdiction over prison officials generally, nor over issues not related to the claims at issue in this matter. Moreover, the request is moot, as Plaintiff now contends the property was returned to him. (ECF No. 39, p. 42.) Accordingly, the Court recommends that this motion be denied.

### B.     Motion to Dismiss

On November 9, 2016, Defendants filed a motion to dismiss Plaintiff's complaint. (ECF No. 19.) The motion sought to dismiss Plaintiff's claim for injunctive relief pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA). Subsequently, Plaintiff filed a motion for leave to file a first amended complaint, (ECF No. 12), which was granted, (ECF No. 28).

As the Court found that Plaintiff did not state a claim under RLUIPA in his first amended complaint, and this action only proceeds on Plaintiff's claim against Defendants S. Sherman and J. Barba for the violation of his First Amendment rights, Defendants' motion should be denied as moot. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (A properly filed "amended complaint supersedes the original [complaint], the latter being treated thereafter as non-existent.")

Likewise, Plaintiff's motion to permit discovery so that he can respond to this motion, (ECF No. 20, 27), or requesting the Court send documents filed on the docket to assist him in responding to such motion, (ECF No. 21), should be denied as moot.

///

///

### C. Plaintiff's Motion for Summary Judgment

On February 6, 2017, Plaintiff filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, asserting that Defendants have no defense to violating his rights. (ECF No. 22.) Defendants opposed the motion as premature because it was filed before they filed an answer, (ECF No. 24), and in his reply to that opposition, Plaintiff agreed that the motion was prematurely made, (ECF No. 26.)

With regard to summary judgment, Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. Fed. R. Civ. P. 56(d); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505 (1986). Accordingly, the Court recommends that Plaintiff's motion for summary judgment be denied, as premature.

## II. Conclusion, Order, and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Additionally, for the reasons described above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for copy of case file, filed on October 12, 2016 (ECF No. 16), be DENIED;
2. Defendants' motion to dismiss filed on November 9, 2016, (ECF No. 19), be DENIED, as moot;
3. Plaintiff's motion to defer a ruling and permit discovery, filed on November 22, 2016 (ECF No. 20), and March 8, 2017 (ECF No. 27), be DENIED, as moot;
4. Plaintiff's motion requesting documents, filed on November 22, 2016 (ECF No. 21), be DENIED, as moot; and
5. Plaintiff's motion for summary judgment, filed on February 6, 2017 (ECF No. 22) be DENIED, as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections

3

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 24, 2017**       /s/ *Barbara A. McAuliffe*
                             UNITED STATES MAGISTRATE JUDGE