**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S, SHERMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01388-BAM (PC)<br><br>ORDER REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br>(ECF No. 38)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION FOR SUMMARY JUDGMENT<br>(ECF Nos. 40) |

Plaintiff Billy Cochran is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's first amended complaint against Defendants S. Sherman and J. Barba, officials employed at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF") for the violation of his First Amendment rights based upon the denial of his name change for religious purposes. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendants' motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), filed on May 22, 2017. (ECF No. 38.) Defendants seek to stay all discovery in this matter, including discovery that has already been propounded, except that pertaining to the subject of the exhaustion issues. Defendants propose that the stay be lifted upon a determination of their pending motion for summary judgment for the failure to exhaust administrative remedies, also filed on May 22, 2017. (ECF No. 37.)

On June 5, 2017, Plaintiff filed a motion for an extension of time to oppose both Defendants' motion for protective order and Defendants' motion for summary judgment. Plaintiff only

1

1  substantively addressed the motion for summary judgment, stating that additional time would be
2  needed to finish preparing the opposition to that motion, and to have the opposition copied.  (ECF No.
3  40.)
4          Shortly thereafter, on June 9, 2017, Plaintiff filed an opposition to the motion for summary
5  judgment.  (ECF No. 41.)  The opposition brief, statements of fact, and exhibits consist of 800 pages
6  total.  Thus, Plaintiff's request for an extension of time to file an opposition to the motion for summary
7  judgment is moot, and that request is denied.
8          The Court also denies Plaintiff's request to the extent he intends to submit a response to the
9  motion for a protective order, as no grounds for the request were given.  Thus, Defendants' motion for
10 a protective order is submitted, without oral argument.  Local Rule 230(l).
11 **I.      Motion for Protective Order**
12         Defendants seek a protective order staying all discovery except for that pertaining to the
13 subject of Plaintiff's exhaustion of administrative remedies.  Defendants assert that their motion for
14 summary judgement will resolve the case in its entirety, if successful.  Defendants assert that the
15 parties' resources and judicial economy are best served by avoiding responses to excessive discovery
16 requests that may prove moot depending on the outcome of their motion.  Further, going forward, the
17 parties will be able to preserve limited interrogatories only to those claims which survive the motion,
18 if any.
19         The Court is vested with broad discretion to manage discovery.  Dichter-Mad Family Partners,
20 LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606,
21 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005);
22 Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).
23         Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or
24 limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a
25 protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially
26 dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of
27 Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).
28 The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an

exhaustion motion was explicitly recognized by the Ninth Circuit.  Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014); see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014).  The failure to exhaust is an affirmative defense, and Defendants are entitled to move for judgment on the issue.  Albino, 747 F.3d at 1166.

Here, the Court finds that Defendants have met the burden of showing good cause to stay all non-exhaustion related discovery in this case.  As Defendants argue, proceeding with discovery that is not related to their potentially dispositive motion will result in unnecessary motion practice, litigation costs, and a waste of judicial resources.  Furthermore, Defendants' motion for summary judgment is fully-briefed, and the Court intends to address the motion shortly, such that a ruling should occur in a reasonable time.  If Defendants' motion does not resolve this case, Plaintiff will not be prejudiced by a modest delay in proceeding with non-exhaustion related discovery under the circumstances, and discovery and other scheduling deadlines may be set to ensure this matter proceeds to resolution in a speedy manner.

## II. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion for a protective order staying all non-exhaustion related discovery, filed May 22, 2016 (ECF No. 38), is GRANTED;

2. Plaintiff's motion for a 60-day extension of time to file an opposition, filed on June 5, 2017 (ECF No. 40), is DENIED as moot; and

3. In the event that the case is not resolved on Defendants' pending summary judgment motion, the Court will issue an order lifting the stay of discovery and setting deadlines accordingly.

IT IS SO ORDERED.

Dated: **July 25, 2017**        /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE

3