# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>       Plaintiff,<br><br>v.<br><br>S. SHERMAN, et al.,<br><br>       Defendants. | Case No.: 1:15-cv-01388-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>[ECF Nos. 7, 9, 28]<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff Billy Coy Cochran is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On September 25, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 4.) Defendants have not yet consented or declined to Magistrate Judge jurisdiction.

    On March 15, 2017, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B), and found that it stated a claim against Defendant Sherman and Barbar for a violation his First Amendment rights to freedom of religion, but failed to state any other cognizable claims for relief. (ECF No. 28). The Court also incorporated by reference its earlier findings that Plaintiff had failed to state a cognizable claim against Defendants Corral or Hildreth in his original complaint, based on allegations that he had re-alleged in the first amended complaint. (See Id. at 2 n.2, referencing ECF Nos. 7, 9.) In sum, through these rulings, the Court determined that this action would proceed only against

Defendant Sherman and Barbar for a violation of Plaintiff's First Amendment rights to freedom of religion on the basis of a denial of a religious name change.

I. **Williams v. King**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Here, no defendant was yet served at the time that the Court screened the original complaint, and therefore none had appeared or consented to Magistrate Judge jurisdiction. Because all defendants had not consented, the undersigned's dismissal of Plaintiff's claims, including as incorporated into later orders, is invalid under Williams.

Because the undersigned nevertheless stands by the analysis in the previous screening orders, she will below recommend to the District Judge that the non-cognizable claims be dismissed.[1]

II. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937,

---

[1] On May 22, 2017, Defendants Sherman and Barba filed a joint motion for summary judgment for the failure to properly exhaust administrative remedies. (ECF No. 37.) Those Defendants also subsequently filed a motion to strike Plaintiff's sur-replies to their summary judgment motion. (ECF No. 48.) Both of these motions remain pending, and the Court in issuing these findings and recommendations takes no position on the merits of those motions.

2

1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Allegations

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the California Institution for Men in Chino, California. Plaintiff brings this action against defendant correctional officials employed by the CDCR at CSP Corcoran, where the events at issue occurred. Plaintiff names the following individuals as defendants: Warden S. Sherman; Correctional Counselor J. Barba; Appeals Coordinator J. Corral; Appeals Coordinator M. Hildreth; and CDCR Secretary Scott Kernan.

Plaintiff alleges as follows: Upon his incarceration in June 2002, Plaintiff experienced a religious conversion. Plaintiff began practicing eclectic religious beliefs based upon different faith traditions. The conversion and practices instilled in Plaintiff the belief that he must change his name from "Billy Coy Cochran" to "Gabriel Christian Hunter." Plaintiff's belief is based on his conviction that his old name was associated with self-centered beliefs and associations, and associated with religious immorality. Before he can use his new name, it must be publically recorded and legally recognized, or based on his conscious and sincerely held religious believes, the name cannot be used.

3

On January 4, 2015, Plaintiff filed a request for "publically recorded name change for religious reasons from Billy Coy Cochran to Gabriel Christian Hunter." (ECF No. 29, at p. 6.) Plaintiff submitted the request to Warden Sherman.

Warden Sherman authorized Correctional Counselor Barba to reply to Plaintiff's name change request. On January 29, 2015, Counselor Barba denied the name change by stating as follows:

> Your central file was reviewed by CCII Specialist J. Barba, who determined, based on your violent conviction history; it would not be in the prison's best interest to change your name. Further, SATF cannot support your legal name change for reasons pertaining to institutional safety and security. Your request is therefore denied at this time. You may, however, contact the courts as an individual to pursue a name change.

(Id. at 6-7). A copy of the January 29, 2015 response letter containing the above statement is attached as an exhibit. (Id. at p. 20.)

Plaintiff alleges that, contrary to the response letter, the accommodation of the name change would not impact guards, other prisoners, or prison resources, because the recordkeeping provides for an "a.k.a.," and the courts have determined that using a new name in conjunction with the commitment name is an appropriate accommodation. Plaintiff further alleges that he has never acted violently during his fourteen years of incarceration.

On March 17, 2015, Plaintiff filed a grievance challenging the denial of the name change. On April 9, 2015, Defendants Corral and Hildreth rejected Plaintiff's appeal at the second level. On April 14, 2015, Plaintiff complied with the rejection by filing another grievance.

On April 24, 2015, Defendants Corral and Hildreth again rejected Plaintiff's grievance, this time at the second level. On April 27, 2015, Plaintiff filed the grievance to the third level, which was cancelled on May 12, 2015. On May 23, 2015, Plaintiff resubmitted the grievance to the third level, and received no reply.

Plaintiff also alleges that Scott Kernan, Secretary of CDCR, violated his freedom of religion by implementing Cal. Code Regs, tit. 15, § 3294.5, which was used to deny his name change request.

///

4

## IV. Discussion

### A. First Amendment

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Reahab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone v. Shabazz, 482 U.S. 342, 348 (1977)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion preventing him from engaging in conduct which he sincerely believes is consistent with this faith, but an impingement on an inmate's constitutional right will be upheld "if it is reasonably related to legitimate penological interests." Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Prison regulations may lawfully curtail inmates' constitutional rights, provided that the regulations are "reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. The burden falls on the prison officials to prove that the burden on an inmate's exercise of religion was reasonably related to a legitimate penological objective. Ashelman v. Wawrzaszek, 111 F.3d 674, 677–678 (9th Cir. 1997) (applying test from O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), and Turner). Turner set forth four factors for courts to balance in determining whether a regulation reasonably relates to legitimate penological interests: 1) Whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; 2) whether there are alternative means of exercising the right that remain open to prison inmates; 3) whether accommodation of the right would impact guards and other inmates and the allocation of prison resources in general; and 4) whether or not there are easy, obvious alternatives to the denial of the right. Turner, 482 U.S. at 89-90; Shakur, 514 F.3d at 884; Malik v. Brown, 16 F.3d 330, 334 (9th Cir. 1994).

In California, Plaintiff, as a state prisoner, may not petition the court to legally change his name unless he is first permitted to do so by the Director of Corrections. Cal. Civ. Proc. § 1279.5(b). The process for obtaining permission from the Director of Corrections requires prisoners to first request a legal name change from the warden. Cal. Code Regs., tit. 15, §

5

3294.5(a). If the request is denied, the warden shall provide the reason(s) for the denial and the process ends. § 3294.5(b). If approval of the request is recommended, the warden shall forward the request to the Institutions Division Regional Administrator. § 3294.5(c). If the Institutions Division Regional Administrator agrees with the approval recommendation, a letter is sent to the court explaining the reasons for approval of the name change by the Department of Corrections. § 3294.5(e). Final approval is then in the hands of the court. Cal. Civ. Proc. § 1279.5(b); Cal. Code Regs., tit. 15, § 3294.5(g).

### 1. Warden Sherman and Correctional Counselor Barba

Plaintiff has alleged facts indicating his sincerely held religious belief requiring him to change his name. He further alleges that he wrote to Warden Sherman to request a religiously motivated name change in compliance with California law. Plaintiff further alleges that Warden Sherman and Counselor Barba denied his request for reasons pertaining to institutional safety and security, based on Plaintiff's conviction history. However, in applying the Turner factors to the denials of religious name changes on grounds of institutional safety and security, the Ninth Circuit has held that "[u]sing both the religious and the committed name is a satisfactory alternative means for an inmate to freely exercise his religion." See Malik v. Brown, 16 F.3d 330, 334 (9th Cir. 1994). Here, Plaintiff has alleged that the institutional concerns could be addressed by using a new name for him in conjunction with his commitment name, which the denial does not address. At this stage, the Court cannot find that Defendants' reasoning for Plaintiff's name change denial is reasonably related to legitimate penological interests under the Turner factors. Therefore, at the pleading stage, Plaintiff has stated a cognizable First Amendment claim against Warden Sherman and Correctional Counselor Barba on the basis of the denial of his name change request.

Plaintiff has not stated a claim in his proposed first amended complaint against Warden Sherman and Counselor Barbar under RLUIPA. RLUIPA only authorizes official capacity suits against government employees for prospective, injunctive relief. Sossamon v. Texas, 563 U.S. 277, 287-88 (2011); Wood v. Yordy, 753 F.3d 899, 902–04 (9th Cir. 2014). Where an inmate has been transferred from the institution where his claims arose, he may only bring suit under

RLUIPA if he has a reasonable likelihood of being transferred back. See City of Los Angeles v. Lyons, 461 U.S. 95, 102–05 (1983); Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007). Here, in September 2016, Plaintiff was transferred from CSP-Corcoran, where his claims arose and where Warden Sherman and Counselor Barba are employed. Plaintiff has not pleaded any facts showing a reasonable likelihood of his being returned to CSP-Corcoran. Accordingly, he has not pleaded a basis for prospective relief under RLUIPA.

Plaintiff also seeks to state a claim under California tort law against Warden Sherman and Counselor Barba. Plaintiff alleges that these prison officials violated California tort law by negligently denying him a legal name change. "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

In this case, Plaintiff has not pleaded facts showing any duty was owed to him regarding his name change, that such duty was breached, or that his caused him any injury or damages cognizable in state tort law. Plaintiff's allegations that Warden Sherman and Counselor Barba acted negligently are conclusory and insufficient to support a California tort law claim.

### 2. Secretary Scott Kernan

The Court next turns to whether Plaintiff has stated a claim against CDCR Secretary Scott Kernan. Plaintiff alleges that Secretary Kernan violated his right to freedom of religion by implementing Cal. Code Regs., tit. 15, § 3294.5(a), which was used by Warden Sherman and Counselor Barba to deny Plaintiff a publically recorded name change. As noted above, section 3294.5 sets forth the procedure for prisoners to request a legal name change, and requires prisoners to obtain permission for that name change by first requesting a legal name change from the warden. Cal. Code Regs., tit. 15, § 3294.5(a). Plaintiff asserts that this regulation impermissibly reverses the burden of proof.

As noted above, the Free Exercise Clause "requires government respect for, and noninterference with, [ ] religious beliefs and practices. . . ." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions substantially burdened the inmate's exercise of a sincerely held religious belief, and did so in an unreasonable manner—i.e., that the official's actions were not "rationally related to legitimate penological interests." See O'Lone, 482 U.S. at 348-50. "[G]overnment action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego [his or] her sincerely held religious beliefs or to engage in conduct that violates those beliefs." Jones v. Williams, 791 F.3d 1023, 1031-33 (9th Cir. 2015) (a "substantial burden" must be "more than an inconvenience on religious exercise") (citations omitted).

Here, Plaintiff does not plausibly allege that the regulation he challenges placed a substantial burden on the exercise of a sincerely held religious practice. The regulation he challenges provides a procedure for Plaintiff to request a legal name change, which is initiated by making the request to the warden. Plaintiff does not allege that his religion did not permit him to comply with this regulation, or that complying with this process forced him to forego any sincerely held religious beliefs, or that the regulation required him to engage in conduct that violated those beliefs. The fact that Plaintiff disagrees with the decision made under the procedure set forth in the regulation does not show that the enactment of the regulation itself violated his religious rights. Accordingly, Plaintiff has not stated any claim against Secretary Kernan based on the implementation of the regulation concerning inmate name changes, Cal. Code Regs., tit. 15, § 3294.5. Secretary Kernan should therefore be dismissed

**B.     Grievance Process**

Finally, the Court turns to analyzing Plaintiff's allegations concerning Defendants Corral and Hildreth. The only conduct charged to Defendants Corral and Hildreth is their participation in the grievance process. Plaintiff alleges that they continually and arbitrarily rejected his inmate grievances. Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George

v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). In order to hold these Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew were personally involved in the conduct at issue. Further, prisoners have no "free-standing cause of action for improper grievance-rejection." See Ott v. Lopez, No. CV 11-04291 PSG RZ, 2012 WL 2366414, at *1 (C.D. Cal. May 8, 2012) report and recommendation adopted, No. CV 11-04291 PSG RZ, 2012 WL 23666413 (C.D. Cal. June 20, 2012). Therefore, Plaintiff has not stated any claim against Defendants Corral and Hildreth, and they should be dismissed.

## V. Conclusion and Recommendation

Plaintiff's first amended complaint stated a cognizable claim against Defendants S. Sherman and J. Barba for the violation of his First Amendment rights based upon the denial of his name change for religious purposes. However, Plaintiff failed to state any other cognizable claim. Plaintiff previously amended his complaint to add additional allegations which cured some deficiencies identified in a prior screening order, but otherwise has consistently alleged the same allegations. Thus, no further leave to amend is warranted here.

For these reasons, IT IS HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claim against Defendants S. Sherman and J. Barba for the violation of his First Amendment rights based upon the denial of his name change for religious purposes; and
2. All other claims and defendants be dismissed for the failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 21, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE