# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY COY COCHRAN,<br><br>    Plaintiff,<br><br>v.<br><br>S. SHERMAN, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01388-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, (ECF No. 37), AND DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLIES, (ECF No. 48)<br><br>**FOURTEEN-DAY DEADLINE** |

## I. Introduction and Background

Plaintiff Billy Coy Cochran is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Sherman and Barba for a violation of his First Amendment right to freedom of religion. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 22, 2017, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing Plaintiff has failed to exhaust his administrative remedies. Fed. R. Civ. P. 56(c); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 403 (2014). (ECF No. 37.) On June 9, 2017, Plaintiff filed an opposition to Defendants' summary judgment motion. (ECF No. 41.) On June 16, 2017, Defendants filed a reply to Plaintiff's opposition. (ECF No. 42.)

On July 24, 2017, Plaintiff filed a supplement to his opposition to Defendants' summary judgment motion, stating that facts developed after December 31, 2016 more conclusively proved that he had exhausted his administrative remedies. (ECF No. 46.) On July 31, 2017, Plaintiff filed a second supplement, asserting the same grounds as the prior supplement. (ECF No. 47.)

On August 9, 2017, Defendants filed a motion to deem Plaintiff's supplements as unauthorized sur-replies or supplements, and to strike the supplements. (ECF No. 48.) On August 28, 2018, Plaintiff filed an opposition to Defendants' motion to strike. (ECF No. 49.) No reply was filed.

These motions are now deemed submitted without oral argument. Local Rule 230(l).

## II. Defendants' Motion to Strike

The Court first addresses Defendants' motion to strike Plaintiff's two supplements to his opposition to Defendants' summary judgment motion. Defendants argue that the Court did not request any sur-replies in this case, nor did Plaintiff move to amend or supplement his opposition. Defendants further argue that Plaintiff has not presented any good cause to allow him to file any sur-replies or amendments, and his repeated filing of supplements wastes judicial time and resources. Therefore, his two supplements should be stricken.

Plaintiff opposes the motion to strike, and declares in support that filed supplements to his opposition because his opposition only addressed grievances he had filed in this matter through the end of 2016. He had other grievances which were still running their course, and the supplements address grievances from 2016 through March 14, 2017. Plaintiff asserts that this new evidence should be considered. Plaintiff also declares that he has been diagnosed with major depression, post-traumatic stress disorder, misophonia, and gender dysphoria, and therefore seeks that his pleadings be liberally construed, and the motion to strike be denied.[1]

---

[1] Plaintiff declares that he has been diagnosed with and suffering from the listed conditions since June 15, 2002, and that they severely impact his major life activities. As discussed below, the Court finds that Plaintiff is entitled to leniency in construing his filings due to his *pro se* status. However, the Court also finds that Plaintiff is adequately able to articulate his claim in this case, as shown by the record here.

2

This Court's Local Rules provide for a motion, an opposition, and a reply. Local Rule 230(1). Neither the Local Rules nor the Federal Rules of Civil Procedure provide the right to file a response to a reply. *See, e.g., Wyatt v. Zanchi*, No. 1:09–cv–01242-BAM-PC, 2011 WL 5838438, at *5 (E.D. Cal. Nov. 21, 2011).

In this Circuit, courts are required to afford pro se litigants additional leniency. *E.g.*, *Wilhelm v. Rotm*an, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency does not extend to permitting sur-replies as a matter of course, and the Court is not generally inclined to permit sur-replies absent an articulation of good cause why such leave should be granted.

In this case, the Court does not find it appropriate to allow Plaintiff to amend or supplement his opposition. As Defendants correctly argue, Plaintiff did not seek leave to amend or supplement his opposition, and the Court did not seek or permit additional briefing here. The supplemental amendments were filed after Defendants filed their reply, and thus they did not have any opportunity to address the supplements.

Further, Plaintiff's supplemental briefing addresses hundreds of requests, appeals, grievances, and complaints concerning issues of accommodations, health care, custody issues, citizen's complaints, and other issues not related to the First Amendment freedom of religion claim at issue in this case. Plaintiff's un-supplemented opposition comprises 800 pages, and is therefore more than sufficient for Plaintiff to present his arguments without additional supplementation. Thus, the Court does not find good cause to allow the supplemental pleadings here, and will recommend that Plaintiff's first and second supplements to his opposition be stricken and disregarded.

The Court next turns to Defendants' motion for summary judgment for the failure to exhaust administrative remedies.

///

///

///

## III. Motion for Summary Judgment

### A. Legal Standards

#### 1. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

#### 2. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

The failure to exhaust is an affirmative defense, and Defendant bears the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. Defendant must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. If the Defendant carries this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed

evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**B. Discussion**

**1. Summary of CDCR's Administrative Review Process**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested. *Id.* at § 3084.2(a). Three levels of review are involved—a first level review, a second level review and a third level review. *Id.* at § 3084.7. Bypassing a level of review may result in rejection of the appeal. *Id.* at § 3084.6(b)(15). Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. *See Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

**2. Summary of Relevant First Amended Complaint Allegations**

Plaintiff alleges that the events at issue occurred at the California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), while he was housed there as an inmate in the custody of CDCR.

Upon Plaintiff's incarceration in 2002, he experienced a religious conversion. Plaintiff began practicing eclectic religious beliefs based upon different faith traditions. Such practices instilled in him the belief that he must change his name from "Billy Coy Cochran" to "Gabriel Christian Hunter." (First Am. Compl., ECF No. 29, at 6.) Plaintiff's belief is based on his

conviction that his old name was associated with self-centered beliefs and associations, and specifically, with religious immorality.

On January 4, 2015, Plaintiff filed a request for a "publicly recorded name change for religious reasons from Billy Coy Cochran to Gabriel Christian Hunter." (*Id*.) Plaintiff filed/mailed the request to Warden Sherman. Warden Sherman never personally replied, but instead authorized Correctional Counselor II J. Barba to reply to the request. On January 29, 2015, Counselor Barba denied the name change by stating as follows:

> Your central file was reviewed by CCII Specialist J. Barba, who determined, based on your violent conviction history; it would not be in the prison's best interest to change your name. Further, SATF cannot support your legal name change for reasons pertaining to institutional safety and security. Your request is therefore denied at this time. You may, however, contact the courts as an individual to pursue a name change.

(*Id*. at 6-7). A copy of the January 29, 2015 response letter containing the above statement is attached as an exhibit to the first amended complaint. (*Id*. at 20.) Plaintiff further alleges that, contrary to the response letter, the accommodation of the request would not impact guards, other prisoners, and prison resources because the recordkeeping provides for an "also known as" or "a.k.a." designation. Also, the courts have determined that using a new name in conjunction with the commitment name is an appropriate accommodation.

Regarding the exhaustion of administrative remedies, Plaintiff alleges that on March 17, 2015, he filed a grievance (SATF-A-15-01381) for the denial of the name change. On April 9, 2015, it was arbitrarily rejected at the first level. On April 20, 2015, Plaintiff filed it to the second level. On May 12, 2015, it was arbitrarily cancelled. On May 15, 2015, he filed to the third level. On May 28, 2015, it was affirmed cancelled. On February 28, 2015, he filed a government claim. (*Id*. at 7.)

On April 14, 2015, Plaintiff attempted to comply with the rejection directions of grievance SATF-A-15-01381 by filing grievance SATF-A-15-01798. On April 24, 2015, it was arbitrarily rejected at the second level. On April 27, 2015, Plaintiff filed it to the third level. On May 12, 2015, it was arbitrarily cancelled.

///

6

On April 27, 2015, Plaintiff filed a grievance (SATF-A-15-02078) on the rejections on cancellations of the two prior grievances. On May 6, 2015, it was arbitrarily cancelled. On May 9, 2015, Plaintiff filed it to the second level. On May 15, 2015, it was affirmed cancelled. On May 23, 2015, Plaintiff filed it to the third level, and got no reply.

From November 23, 2014 to December 10, 2015, the appeals process was unavailable by officials systematically rejecting, cancelling, and failing to process grievances and requests. On February 8, 2015, February 18, 2015, and March 1, 2015, Plaintiff notified the CDCR Secretary of Warden Sherman's failure to process the request for a religious name change.

### 3. Undisputed Facts[2]

1. Plaintiff Billy Coy Cochran (V-04815) is an inmate in the custody of CDCR. (First Am. Compl. at 1; Corral Decl. ¶ 3; and Voong Decl. ¶ 5.)

2. Plaintiff filed this action on September 11, 2015, while Plaintiff was incarcerated at SATF. (First Am. Compl.)

3. Plaintiff's operative complaint alleges, among other things, the following: Upon his incarceration in 2002, Plaintiff experienced a religious conversion. Plaintiff began practicing eclectic religious beliefs based upon different faith traditions. Such practices instilled in him the belief that he must change his name from Billy Coy Cochran to Gabriel Christian Hunter. Plaintiff's belief is based on his conviction that his old name was associated with self-centered beliefs and associations. Specifically, his current name is associated with religious immorality. On January 1, 2015, Plaintiff filed a request for "a publicly recorded religious name change." Plaintiff's request was denied. (First Am. Compl. at 6-7; and Screening Order on FAC, ECF No. 28, at 3.)

4. In screening the operative complaint, the Court found that Plaintiff stated a cognizable First Amendment—Freedom of Religion claim against Warden Sherman and Correctional Counselor Barba for their denial of Plaintiff's name change request. The remaining defendants and causes of action were dismissed. (Screening Order on FAC, at 6.)

---

[2] Defendants' Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment Re: Exhaustion. (ECF No. 37-3.) No materially disputed facts are included in this section.

7

5. CDCR had an administrative grievance process for inmates at all times relevant to this lawsuit, which allows them to appeal any departmental decision, action, policy, omission, or condition that has an adverse material effect on the inmate's welfare. (Corral Decl. ¶ 3.)

6. An inmate appeal is initiated by submitting a CDCR Form 602 ("Form 602"). (Corral Decl. ¶ 5; and Cal. Code of Regs. tit. 15, § 3084.2(a).)

7. Inmates must follow the procedures set forth in Cal. Code Regs. tit. 15, sections 3084.1 through 3085, which includes describing the problem and action requested in the appeal form. (Corral Decl. ¶ 5.)

8. To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative exhaustion process, unless the inmate is excused from one of the levels under Title 15. (Corral Decl. ¶ 6; Cal. Code of Regs. tit. 15, §§ 3084.1, 3084.7.)

9. A final decision at the third level of review generally exhausts an inmate grievance. Rejection or cancellation of an appeal does not exhaust administrative remedies. (Corral Decl. ¶¶ 6, 7; Cal. Code of Regs. tit. 15, §§ 3084.1.)

10. When an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject or "screen out" and return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible. An appeal may be rejected, cancelled, or accepted for the reasons outlined in California Code of Regulations, Title 15, sections 3084.6 (b) and (c), including expiration of time limits, failure to attach supporting documentation, multiple issues that do not derive from one single event, and the appeal is obscured by pointless verbiage or voluminous unrelated documentation so that the reviewer cannot reasonably identify the issue under appeal. (Corral Decl. ¶ 7; Cal. Code of Regs. tit. 15, § 3084.6 (b) and (c).)

11. The appeals coordinator's office does not keep copies of rejected appeal forms. (Corral Decl. ¶ 7.)

12. Plaintiff knew about and used the administrative grievance process between January 1, 2015 and December 31, 2015. (Corral Decl. ¶¶ 4, 6.)

13. Between January 1, 2015 and December 31, 2015, nineteen nonmedical inmate appeals were submitted by Plaintiff. Six of those were accepted for review at the first or second level of formal review. (Corral Decl. ¶ 4, Ex A.)

14. In 2015, Plaintiff only submitted three inmate appeals relevant to his lawsuit: SATF-A-15-01381, SATF-A-15-01798, and SATFA-15-02078. (FAC at 2, 7; Corral Decl. ¶ 16, Ex. H, ¶ 17, Ex. I, and ¶ 20, Ex. L.)

15. Appeal Log No. SATF-A-15-01381 was categorized as a case info/records issue. This appeal was rejected and not accepted for review on April 9, 2015. The rejection stated that Plaintiff's "appeal issue is obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot reasonably be expected to identify the issue under appeal." (4/9/15 Screening Form 695, ECF No. 37-4, at p. 46.) Plaintiff was instructed to clarify and separate his issues under appeal, and to file one 602 form per issue. (*Id.*) Plaintiff resubmitted the appeal, and it was cancelled on May 12, 2015. The cancellation stated that Plaintiff "continue[d] to submit a rejected appeal while disregarding appeal staff's previous instructions to correct the appeal." (5/12/15 Screening Form 695, ECF No. 37-4, at p. 47.) The cancellation also stated that Plaintiff completed an inappropriate section on the appeal. (*Id*.) Plaintiff resubmitted the appeal again and it was received and accepted for review on March 29, 2015. The appeal was subsequently cancelled and returned to Plaintiff, stating that he was "attempting to submit an appeal that has been previously cancelled." (5/28/15 Screening Form 695, ECF No. 37-4, at p. 48.) This appeal was not maintained in SATF's records because it was screened out. (FAC at 2, 7; Corral Decl. ¶ 16, Ex. H.)

16. Plaintiff did not exhaust Appeal Log No. SATF-A-15-01381. (FAC at 2, 7; Corral Decl. ¶ 16, Ex. H.)

17. Appeal Log No. SATF-A-15-01798 was categorized as a legal issue. This appeal was screened out and not accepted for review. The rejection stated that Plaintiff's "appeal issue is obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot reasonably be expected to identify the issue under appeal." (4/24/15 Screening Form 695, ECF No. 37-4, at p. 50.) Plaintiff was informed again that he was appealing more than one issue

9

and needed to separate the issues. (*Id.*) Plaintiff again submitted the appeal, and it was cancelled for "disregarding appeal staff's previous instructions to correct the appeal." (5/12/15 Screening Form 695, ECF No. 37-4, at p. 51.) This appeal was not maintained in SATF's records because it was screened out. (FAC at 2, 7; Corral Decl. ¶ 17, Ex. I.)

18. Plaintiff did not exhaust Appeal Log No. SATF-A-15-01798. (FAC at 2, 7; Corral Decl. ¶ 17, Ex. I.)

19. Appeal Log No. SATF-A-15-02078 was categorized as a case info/records issue. This appeal was cancelled and not accepted for review. The cancellation form stated that it was cancelled because it was duplicative of previously cancelled Appeal Log No. SATF-A-15-01381. (5/6/15 Screening Form 695, ECF No. 37-4, at p. 59.) This appeal was not maintained in SATF's records because it was screened out. (FAC at 2, 7; Corral Decl. ¶ 20, Ex. L.)

20. Plaintiff did not exhaust Appeal Log No. SATF-A-15-02078. (FAC at 2, 7; Corral Decl. ¶ 20, Ex. L.)

21. The Office of Appeals ("OOA") receives, reviews, and maintains all non-medical inmate grievances at the third and final level of review. (Voong Decl. ¶ 2.)

22. No inmate appeals by Plaintiff were accepted for review at the third level of formal review by OOA in 2015. (Voong Decl. ¶¶ 5, 6, Ex A.)

23. There were, however, three appeals that were submitted by Plaintiff and rejected or screened out at the third level of formal review, and one CDCR Form 22 Inmate/Parolee Request for Interview, Item or Service. (Voong Decl. ¶¶ 5, 6, Ex A, 7.)

24. Inmate Appeals Branch (IAB) Log No. 1408293, was a CDCR form 22, was received on February 6, 2015. A response was provided within three working days of receipt of the form and mailed to the inmate. OOA did not maintain a copy of the Form 22. (Voong Decl. ¶ 8.)

25. IAB Log No. 1409954, an appeal relating to a legal issue, was received on February 6, 2015. It was screened out on May 15, 2015, because Plaintiff improperly bypassed the lower levels of review. Plaintiff was provided instructions on how to properly submit the appeal with the screen out. (Voong Decl. ¶ 9, Ex B.)

26. IAB Log No. 1412450/Appeal Log No. SATF-15-00522, an appeal relating to a custody/class issue, was received on June 11, 2015. It was screened out on June 11, 2015, because Plaintiff improperly bypassed the lower levels of review. Plaintiff was provided instructions on how to properly submit the appeal with the screen out. (Voong Decl. ¶ 10, Ex C.)

27. IAB Log No. 1506304, an appeal relating to a staff complaint, was received on November 19, 2015. It was screened out on December 11, 2015, because Plaintiff improperly bypassed the lower levels of review. Plaintiff was provided instructions on how to properly submit the appeal with the screen out. (Voong Decl. ¶ 11, Ex D.)

### 4. Parties' Arguments

Defendants argue that Plaintiff failed to exhaust his claim prior to filing suit, and that he is not excused from the PLRA's exhaustion requirement. They argue that the undisputed facts show that Plaintiff submitted three appeals related to this name change request (SATF-A-15-01381, SATF-A-15-01798, and SATF-A-15-02078), none of which were exhausted to through the third level of formal review prior to him filing this action. They further assert that Plaintiff improperly submitted other appeals, and filed unrelated appeals, none of which exhausted his administrative remedies here. Therefore, summary judgment should be granted in their favor for Plaintiff's failure to exhaust administrative remedies.

Plaintiff opposes the summary judgment motion, arguing that administrative remedies were not available to him because he was thwarted in all attempts to exhaust. Plaintiff states that his appeals regarding his name change were arbitrarily cancelled, and although he attempted to comply with the exhaustion rule by repeatedly filing grievances that would have exhausted his claims, prison officials improperly screened the grievances and failed to respond to them. Therefore, administrative remedies were effectively unavailable to him. Plaintiff also argues that Defendants are estopped from asserting the defense of failure to exhaust "due to their direct and specific acts and omissions causing any claimed failure." (ECF No. 41, at 7.)

Defendants argue in reply that Plaintiff has not created a triable issue of fact regarding whether his efforts to exhaust were thwarted, because the evidence shows that his appeals were properly screened out for his failure to follow directions and appropriately submit his appeals.

Therefore, Plaintiff has not shown that the process was unavailable to him, and they have met their burden to show that he failed to exhaust his administrative remedies.

**5.  Analysis**

The undisputed facts show that there was an administrative remedy process available at SATF at the time that Plaintiff filed grievances related to the denial of his name change request, and that Plaintiff did not exhaust any grievance through the third level of review as required. Therefore, Defendants have carried their initial burden of proving that there was an available administrative remedy that Plaintiff did not exhaust. *Albino*, 747 F.3d at 1172. The burden of production then shifts to Plaintiff to provide evidence showing that existing and generally available administrative remedies were effectively unavailable to him. *Id.*

In *Ross v. Blake*, the Supreme Court held that § 1997e(a) requires an inmate to exhaust only those "grievance procedures that are capable of use to obtain some relief for the action complained of." ––– U.S. ––––, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016) (citation and internal quotation marks omitted). The Court set out three examples of circumstances in which an administrative remedy was not capable of use to obtain relief despite being officially available to the inmate: (1) when the administrative procedure "operates as a simple dead end" because officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1859–60.

In this case, on March 17, 2015, Plaintiff submitted a 602 appeal which was logged as SATF-A-15-01381. That appeal states that the subject is "Name change denial preventing exercise of religious beliefs."[3] (Appeal Log No. SATF-A-15-01381, ECF No. 41-1, at 375-84.) It goes on to state as follows:

---

[3] Although Plaintiff's appeals were not maintained in SATF's records, Plaintiff maintained copies and submitted them with his opposition. Defendants do not challenge their authenticity, and the Court finds that they should be considered in deciding this motion.

12

> On 2-28-15, I first became aware Warden Stu Sherman and CCII Jason Barba prevented the exercise of my religious beliefs by denying my request for publically recorded name change for religious reasons from Billy Coy Cochran to Gabriel Christian Hunter. (1) Sherman and Barber, do to our "special relationship" as a Jailor and prisoner, have an affirmative duty to protect my right to freely exercise my religious beliefs. (2) The right was violated by Sherman and Barba's denial of the name change (a) Not having a legitimate penological interest (b) Lacking a compelling interest (c) Failing to overcome their burden in proving the request was to defraud, confuse, or invade privacy (d) Exceeding their authority by relying on 15 CCR 3294.5 that conflicts with constitutional, statutory, and case authority (e) Discriminating by allowing Muslims to change their name (f) Discriminating by punishing for not being of the Muslim faith (g) Discriminating based on gender (LGBTI) by denying "male" affirming name (g) denying rehabilitation (h)
>
> (3) I am injured daily and eternally by the stigma "Your Violent Conviction History" with all aspects of my past that entails.

(*Id*. at 375, 377) (errors in original). Plaintiff also attached a CDCR Form 1858 and a CDCR Form 22, with additional attachments. (*Id*.)

On April 9, 2015, this appeal was rejected as "obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot be reasonably expected to identify the issue under appeal." (4/9/15 Screening Form.) Plaintiff was instructed to clarify the issue and separate his appeals so that he filed one 602 form per issue, for example, "staff complaint" and "name change." (*Id*.)

Instead of following these instructions, on April 20, 2015, Plaintiff re-submitted the form, and wrote in Section D of the form that the rejection was "arbitrary and nonsensical." (602 Appeal Log No. SATF-A-15-01381, at p. 376.) Plaintiff's appeal was then cancelled for his failure to follow instructions, his erroneous filling out of Section D of the form, and because he did not meet the time constraints within which to resubmit his rejected appeal.

Next, on April 14, 2015, Plaintiff submitted a new 602 appeal, logged as SATF-A-15-01798. That appeal states that the subject is "Religious Name Change Denial." (602 Appeal Log No. SATF-A-15-01798, ECF No. 41-1, at 386-92.) It goes on to state as follows:

> On 2-28-15, I came aware of S. Sherman via J. Barba denying in error my request for a publically recorded religious name change as they have a duty to (1) Not

deny my religious beliefs without a legitimate penological reason (2) Not denying my religious beliefs without a compelling government interest (3) Not rely on an underground and or invalid regulations (15 CCR 3294.5) that conflicts with constitutional and statutory authority (4) Not discriminate by allowing Muslims to change their name (5) Not promote the Muslim faith by encouraging me to join it to get a religious name change (6) Not discriminate based on gender (LGBTI) by denying a "male" affirming name (7) Not deny rehabilitation by requiring me to be daily and eternally identified as an addict and violent person ("Your Violent Conviction History" – J. Barba)

(*Id*. at 386, 388) (errors in original). Plaintiff also attached a copy of his Appeal Log No. SATF-A-15-01381 and the April 9, 2015 rejection. (*Id*.)

On April 24, 2015, this appeal was rejected for substantially the same reason as the prior appeal. Plaintiff again resubmitted the appeal, and again wrote that the rejection was arbitrary and nonsensical, this time in Section F of the appeal. (*Id*. at 387.) The appeal was then cancelled for disregarding instructions to separate Plaintiff's issues.

Finally, on April 27, 2015, Plaintiff submitted the appeal logged as SATF-A-15-02078. That appeal states that the subject is "Religious Name Change Denial." (602 Appeal Log No. SATF-A-15-02078, ECF No. 41-1, at 394-95.) It goes on to state as follows: "On 2-28-15, I got S. Sherman's and J. Barba's denial of a request for a publically recorded religious name change. The denial violates the exercise of my religious beliefs." (*Id*.) On May 6, 2015, the appeal was cancelled as duplicative.

Under the applicable regulations, an appeal may be rejected where the appeal issue is obscured by pointless verbiage or voluminous unrelated documentation, such that the reviewer cannot be reasonably expected to identify the issue under appeal. Cal. Code Regs. tit. 15, § 3084.6(b)(9). Here, Plaintiff's initial appeal was properly screened out for failing to comply with the regulations. Appeal Log No. SATF-A-15-01381 discussed his religious name change issue, but also discussed issues such as religious discrimination and punishment for failure to join the Muslim faith, gender discrimination, the denial of rehabilitation, and a complaint about references to his conviction history. The prison appeals coordinators interpreted this appeal to refer to several issues, and instructed Plaintiff to separate and clarify his appeal issues. Then, he was provided an opportunity to resubmit a corrected appeal.

14

Plaintiff then refused to follow the directions provided, and instead filed a second appeal, SATF-A-15-01798, which suffered from the same problem as his prior appeal. He also repeatedly submitted his appeals to additional levels of appeals when he had not gotten any first level of review. An appeal may be cancelled when an inmate "continues to submit a rejected appeal while disregarding appeal staff's previous instructions to correct the appeal . . . unless the inmate [provides] a reasonable explanation of why the correction was not made or documents are not available." Cal. Code Regs. tit. 15, § 3084.6(c)(3). An appeal may also be rejected when an inmate "has submitted the appeal for processing at an inappropriate level bypassing the required lower level(s) of review, e.g., submitting an appeal at the third level prior to lower level review." *Id.* at §3084.6(b)(15). In this case, rather than complying with the instructions provided with his rejected appeal, Plaintiff continued to resubmit his rejected appeal without corrections, and attempted to bypass the first level of review by submitting the uncorrected appeal to higher levels of review. This pattern continued with Appeal Log No. SATF-A-15-01798. Finally, Plaintiff's Appeal Log No. SATF-A-15-02078 was rejected for being duplicative of his previously rejected and cancelled appeals, which is another reason under the regulations that an improper appeal may be cancelled. *See* Cal. Code Regs. tit. 15, § 3084.6(c)(2).

Based on the foregoing, the Court does not find that Plaintiff has shown that administrative remedies were effectively unavailable to him in this case. The undisputed facts do not show that prison officials thwarted the administrative remedy because the procedure was a "dead end," because officials were "unable or consistently unwilling to provide any relief, because the process was "so opaque" as to be "incapable of use," or that Plaintiff was thwarted through machinations, misrepresentations or intimidation. *Ross*, 136 S. Ct. at 1859-60. Rather, Plaintiff was provided with reasons why his appeals were rejected and given an opportunity to resubmit his appeals, but he failed to comply, and thus his appeals were rejected and eventually cancelled for reasons provided in the regulations. In reviewing the screening forms provided to Plaintiff, the Court finds that the language was plain, the applicable regulations were provided, and clear instructions were provided to him. Thus, Plaintiff has not shown that the administrative process was so "opaque" that it was effectively incapable of use by an ordinary prisoner. *See id.*

The Court also rejects Plaintiff's unsupported argument that Defendants are estopped from raising the defense of the failure to exhaust administrative remedies. Plaintiff provides no grounds or authority for estoppel here, and the Court finds no justification for precluding Defendants from raising the defense.

For the reasons explained above, the Court finds that Defendants have shown that Plaintiff failed to exhaust the available administrative remedies for his claim in this action, and Plaintiff has not met his burden of demonstrating that the process was unavailable to him. Therefore, summary judgment should be granted in Defendants' favor.

## IV. Conclusion and Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to strike Plaintiff's supplements to his opposition, filed on August 9, 2017 (ECF No. 48), be granted;

2. Plaintiff's supplement opposition to the motion for summary judgment, filed on July 24, 2017 (ECF No. 46), and Plaintiff's supplement lodgment of exhibits in support of opposition to Defendants' motion for summary judgment, filed on July 31, 2017 (ECF No. 47), be stricken from the record and disregarded;

3. Defendants' motion for summary judgment for the failure to exhaust administrative remedies, filed on May 22, 2017 (ECF No. 37), be granted; and

4. This action be dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 23, 2018** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE